```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```
___

| | |
|---|---|
| **ANNETTE JORDAN,** )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>**E&A PROTECTIVE SERVICES —** )<br>**BRAVO, LLC,** )<br>)<br>    Defendant. ) | No. 13-cv-2257-STA-tmp |

___

## REPORT AND RECOMMENDATION
___

Before the court by order of reference is defendant E&A Protective Services - Bravo, LLC's ("E&A") Motion to Dismiss, or in the Alternative, for Summary Judgment ("Motion to Dismiss"), filed on July 3, 2013. (ECF No. 9.) Plaintiff Annette Jordan, who is proceeding *pro se*, failed to file a timely response. As a result, on August 8, 2013, the court entered an order requiring Jordan to show cause, within twenty days, why E&A's motion should not be granted. The order warned Jordan that if she did not respond to the motion, the court would decide the motion based solely on E&A's brief. To date, Jordan still has not filed a response to the motion.

For the reasons below, it is recommended that E&A's motion be granted.

## I. PROPOSED FINDINGS OF FACT

On March 15, 2012, Jordan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), No. 490-2012-01172 ("Charge 01172"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Jordan alleged that her employer, E&A, discriminated against her on the basis of sex. Specifically, she claimed that she had been subjected to sexual harassment and unequal terms and conditions of employment since 2008. She claimed that during February and March 2012, she was told by her supervisors that she could no longer park in the location where she had parked for the past six years, she was falsely accused of leaving a gate open, and she was "instructed not to open the gate for an IRS employee but to go on a 15 minute break." On March 12, 2012, Jordan was suspended for five days without pay, although it is unclear from her charge why she was suspended. Attached to her complaint is a copy of Charge 01172.

On April 11, 2012, Jordan filed a second charge of discrimination, No. 490-2012-01400 ("Charge 01400"), alleging that E&A retaliated against her for filing Charge 01172, by requiring her to move from second shift to third shift, as well as requiring her to work weekends. Jordan later amended Charge 01400 to include an allegation of racial discrimination on May 3, 2012, based on a March 23, 2012 incident in which she was required to submit a doctor's note upon returning to work. She

made two more amendments to Charge 01400 on June 22 and September 4, 2012. Jordan's September 4 amendment alleged that E&A discharged her on August 20, 2012, in retaliation for her filing Charge 01172. Jordan did not allege discrimination based on her sex in Charge 01400, nor did she allege religious discrimination in either of the charges filed with the EEOC.

Jordan received a notice of her right to sue letter ("RTS") from the EEOC for Charge 01172 on March 22, 2012, and for Charge 01400 on January 30, 2013. On April 30, 2013, Jordan filed a *pro se* complaint alleging race, sex, and religious discrimination in violation of Title VII. Jordan attached the RTS for Charge 01400 to her complaint, but did not attach the RTS for Charge 01172. On July 3, 2013, E&A filed the instant Motion to Dismiss or, in the Alternative, for Summary Judgment. As discussed above, Jordan has not filed a response to the motion. In its Motion to Dismiss, E&A argues that (1) Charge 01172 is time barred because Jordan did not file her complaint within ninety days after receiving the RTS on that specific charge; and (2) because Jordan failed to raise any allegations of religious discrimination in any of her charges filed with the EEOC, she cannot assert religious discrimination in her complaint.

## II. PROPOSED CONCLUSIONS OF LAW

**A. Standard of Review**

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. Id. (citing Twombly, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Iqbal, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 556. In other words, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id.

Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings. See Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010). If a court does consider material outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion. Id. "However, a court may consider exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680–81 (6th Cir. 2011) (internal quotation marks omitted). Here, the only documents referred to in E&A's motion are the EEOC charges filed by Jordan and the corresponding RTS notices for those charges. Because these documents are attached to the complaint and Motion to Dismiss, and are central to the claims, the court will analyze the instant motion under Rule 12(b)(6).

**B. Jordan's Sex Discrimination Claim is Time Barred**

Pleadings filed by *pro se* litigants are to be "construed more liberally than pleadings drafted by lawyers." Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992); see also Herron v. Kelly, No. 1:10CV1783, 2013 WL 3245326, at *5 (N.D. Ohio June 26, 2013) (affording liberal interpretation to a *pro se* plaintiff's pleading). However, "*pro se* plaintiffs are not automatically entitled to take every case to trial," Pilgrim v. Littlefield, 92 F.3d 413, 426 (6th Cir. 1996), and "the lenient treatment of *pro se* litigants has limits." Farah v. Wellington, 295 F. App'x 743, 748 (6th Cir. 2008) (quoting Pilgrim, 92 F.3d at 416) (internal quotation marks omitted). One of these limits includes the requirement that *pro se* plaintiffs comply with applicable statutes of limitations. See Simpson v. G4S Secure Solution (USA), Inc., No. 12-2875-STA-tmp, 2013 WL 2014493, at *4 (W.D. Tenn. May 13, 2013) (citing Williams v. Sears, Roebuck & Co., 143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001)) ("The 90-day filing period applies to all plaintiffs, including those who act *pro se* . . . ."); see also Sanford v. Ohio Dep't of Mental Retardation & Developmental Disabilities, No. 1:12-CV-2970, 2013 WL 324624, at *4 (N.D. Ohio June 25, 2013) (quoting Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)) ("Procedural requirements established by Congress for gaining access to the federal courts

are not to be disregarded by courts out of vague sympathy for particular litigants.") (internal quotation marks omitted).

Title VII provides that, if the EEOC investigates and dismisses a charge of discrimination, it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved . . . ." 42 U.S.C. § 200e-5(f)(1). Under Federal Rule of Civil Procedure 6(d), three days are added to this ninety-day period. Further, "the Sixth Circuit allots two days for postal delivery of an RTS notice beyond the three-day period allowed by Federal Rule of Civil Procedure 6(e)." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 558 n.9 (6th Cir. 2000). Beyond these well-settled extensions, courts in the Sixth Circuit strictly apply the ninety-day statute of limitations for Title VII claims. See Peete v. Am. Std. Graphic, 885 F.2d 331, 331 (6th Cir. 1989) (affirming order that found complaint filed ninety-one days after plaintiff actually received his RTS notice was time-barred by one day). "Where, as here, a defendant raises a statute of limitations defense, dismissal is proper under Rule 12(b)(6) if it is apparent from the face of the complaint that the statute of limitations has run." Reed v. Ohio State Univ. Med. Ctr., No. 2:12-CV-241, 2012 WL 5378379, at *4 (S.D. Ohio Oct. 31, 2012); see also DRFP, LLC v. Republica Bolivariana De

Venez., No. 2:04-CV-00793, 2013 WL 2096652, at *17 (S.D. Ohio May 14, 2013) (quoting Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012)) ("[S]ometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case . . . dismissing the claim under Rule 12(b)(6) is appropriate.") (alteration in original) (internal quotation marks omitted).

Satisfying the ninety-day statute of limitations is not a jurisdictional prerequisite to filing a complaint, but rather a requirement that is subject to waiver, estoppel, and equitable tolling. Zipes v. Trans. World Airlines, Inc., 455 U.S. 385, 393 (1982); see also Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 819 (2013) (quoting Zipes, 455 U.S. at 394) (reiterating a statute establishing a filing deadline "does not speak in jurisdictional terms") (internal quotation marks omitted). A statute of limitations may be tolled based on equitable considerations. Snow v. Napolitano, No. 10-02530, 2013 U.S. Dist. LEXIS 97487, at *5 (W.D. Tenn. July 11, 2013). However, federal courts sparingly use equitable tolling, Peterson v. Klee, No. 2:12-cv-11109, 2013 WL 2480687, at *4 (E.D. Mich. June 10, 2013), and the doctrine is available only in "compelling cases that justify a departure from established procedures." Warith v. Amalgamated Transit Union Local Chapter 268, No. 1:13 CV 985, 2013 WL 2443780, at *3 (N.D. Ohio June 4, 2013) (citing Puckett

v. Tenn. Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989)). The doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Plummer v. Warren, 463 F. App'x 501, 504 (6th Cir. 2012) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)) (internal quotation marks omitted).

Jordan's sex discrimination claim is time barred. The EEOC issued Jordan an RTS concerning Charge 01172 on March 22, 2012. The RTS notified Jordan that "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." (ECF No. 9-2) (emphasis in original). Jordan did not file her complaint with this court until April 30, 2013, well beyond the ninety-day filing period. Because Jordan failed to bring her sex discrimination claim within the ninety-day period, the claim is barred. See McGhee v. Disney Store, 53 F. App'x 751, 752-53 (6th Cir. 2002) (affirming the district court's dismissal of plaintiff's discrimination complaint because plaintiff filed four days after the expiration of the ninety-day filing period). Moreover, because Jordan has failed to respond to the Motion to Dismiss (even after the court entered its show cause order), she has not presented any basis to justify the application of equitable tolling. Therefore, it is recommended that her sex discrimination claim be dismissed.

**C. Jordan Failed to Exhaust Her Administrative Remedies on Her Religious Discrimination Claim**

"A federal court only has subject matter jurisdiction over a Title VII claim if: (1) the claimant explicitly files the claim in an EEOC charge, or (2) the claim can be reasonably expected to grow out of the EEOC charge, also known as the expected scope of investigation test." Spencer v. Kraft Foods Global, Inc., No. 08-11870, 2008 WL 2705507, at *3 (E.D. Mich. July 10, 2008) (quoting Strouss v. Mich. Dept. of Corr., 250 F.3d 336, 342 (6th Cir. 2001)) (internal quotation marks omitted); see also Alazawi v. Swift Transp. Co., Inc., 391 F. Supp. 2d 626, 630 (W.D. Tenn. 2004) (citing Ang v. Procter & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991)) ("A federal court cannot have subject matter jurisdiction over a Title VII claim unless the claimant first unsuccessfully seeks administrative relief."). The restriction on a federal court's Title VII jurisdiction is necessary to allow the EEOC to investigate a plaintiff's claims and afford the EEOC an opportunity to secure a defendant's voluntary compliance with Title VII. Anderson v. Hamilton Cty. Bd. of Comm'rs, No. 1:05CV344, 2006 WL 2709767, at *2 (S.D. Ohio Sept. 20, 2006); see also EEOC v. Bailey Co., Inc., 563 F.2d 439, 447 (6th Cir. 1977) (noting that Title VII's statutory scheme evinces Congress's intent that the EEOC fully investigate allegations of

discrimination prior to those allegations becoming the basis of a Title VII suit).

Even though a plaintiff may not explicitly state the entirety of her grievance with the EEOC, federal courts may still review additional claims "limited to the scope of the EEOC investigation *reasonably expected* to grow out of the charge of discrimination." Davis v. Sodexho, Cumberland Coll. Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998) (citing EEOC v. McCall Printing Corp., 633 F.2d 1232, 1235 (6th Cir. 1980)) (emphasis added); see also Leigh v. Bureau of State Lottery, 876 F.2d 104, at *2 (6th Cir. 1989) (quoting Farmer v. ARA Servs., Inc., 660 F.2d 1096, 1105 (6th Cir. 1981)) ("[T]he rule in this circuit is that the complaint and the judicial proceedings [in Title VII cases] are limited not to the words of the EEOC charge but to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.") (alterations in original). This Circuit has long recognized that the purpose of the expected scope of investigation test is to provide a degree of leniency because "charges of discrimination filed with the EEOC often will be prepared by an aggrieved person without the assistance of legal counsel." Dixon v. Ashcroft, 392 F.3d 212, 219 (6th Cir. 2004); see also Leigh, 876 F.2d at *3 (acknowledging that the failure of an EEOC charge to contain necessary wording should not warrant a claims dismissal because "these charges are usually

filed by lay complainants who are unfamiliar with formal pleading requirements . . . ."). In order for the plaintiff's claim to fall within this exception, however, she must "at a minimum, relate facts that would prompt the EEOC to consider or investigate other forms of discrimination." Young v. Daimler Chrysler Corp., 52 F. App'x 637, 640 (6th Cir. 2002); see, e.g., Alazawi, 391 F. Supp. 2d at 630 (holding that while the plaintiff only checked the boxes marked "race" and "national origin" on his complaint to the EEOC, his claim of religious discrimination could have reasonably been expected to grow out of the EEOC's investigation because he listed his national origin as Muslim).

In this case, Jordan failed to explicitly file a religious discrimination claim with the EEOC. In her initial charge, Charge 01172, Jordan checked the box marked "sex," indicating that E&A discriminated against her because she is a female. In her second charge, Charge 01400, she checked the box marked "retaliation," indicating that she experienced further discrimination from E&A for filing Charge 01172. Jordan amended Charge 01400 multiple times, checking only the "retaliation" and "race" boxes. Jordan did not check the box for "religion" discrimination. Moreover, the factual allegations found in both EEOC charges make no explicit or implicit reference to Jordan's religion or any form of religious discrimination. Thus, the religious discrimination claim could not be reasonably expected

to grow out of her EEOC charges. Because Jordan has failed to exhaust her administrative remedies as to her religious discrimination claim, it is recommended that the claim be dismissed. See Mohamed v. Air Serv Corp., No. CIV.A.04-144-DLB, 2005 WL 1868791, at *3 (E.D. Ky. Aug. 1, 2005) (holding that plaintiff's religious discrimination charge with the district court impermissibly expanded the EEOC charge because he only checked the box marked "national origin" and, in the body of the charge, stated that he had been discriminated against exclusively due to his national origin).

### III. RECOMMENDATION

For the reasons stated above, it is recommended that E&A's Motion to Dismiss be granted and that Jordan's claims based on sex and religious discrimination be dismissed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 12, 2013
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS**

**MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**