# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANNETTE JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-2257-STA-tmp |
| | ) |
| E & A PROTECTIVE SERVICES– | ) |
| BRAVO, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation issued September 12, 2013, that Defendant's Motion to Dismiss (D.E. # 9) be granted. Defendant filed its Rule 12(b)(6) Motion on July 3, 2013. Plaintiff had 28 days in which to respond to the Motion but failed to do so. On August 8, 2013, the Magistrate Judge entered a show cause order, directing Plaintiff to respond and warning her that should she fail to respond, the Magistrate Judge would proceed to the merits of the Motion without the benefit of hearing her position. Plaintiff did not respond to the Magistrate Judge's order or Defendant's Motion to Dismiss within the time allowed. In his Report and Recommendation, the Magistrate Judge reasoned that Plaintiff's sex discrimination claim was time-barred and that her claim for religious discrimination was not properly exhausted. Therefore, the Magistrate Judge recommended that Defendant's Motion to Dismiss be granted.

Objections to the Report and Recommendation were due within fourteen (14) days of the

entry of the Report, making the objections due on or before September 30, 2013.[1] Neither party has filed objections within the time permitted. Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, Defendant's brief, and the entire record of the proceeding, the Court hereby **ADOPTS** the Magistrate Judge's Report. Defendant's Motion to Dismiss is **GRANTED**.

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one.[2] An appeal is not taken in good faith if the issue presented is frivolous.[3] It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*.[4] The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the

---

[1] The parties received the benefit of three additional days to file objections under Federal Rule of Civil Procedure 6(d).

[2] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[3] *Id.*

[4] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

2

entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[5] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[6] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid.[7]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 4, 2013.

---

[5] The fee for docketing an appeal is $450. *See* Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[6] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

[7] *McGore*, 114 F.3d at 610.